Petra Huizar ALANIZ, Petitioner,

v.

Alberto GONZALES, Attorney

General,* Respondent.

No. 02–73813.

Agency No. A76–679–926.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2005.**

Decided March 16, 2005.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Norah Ascoli Schwarz, Attorney, Shelley R. Goad, DOJ—Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM***

Petra Huizar Alaniz, a native and citizen of Mexico, petitions for review the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of her application for cancellation of removal.

The IJ denied the application on two independent grounds: (1) that Alaniz failed to establish that she was physically present in the United States for a continuous period of not less than ten years immediately preceding the time she was served with the Notice to Appear; and (2) that she failed to establish that her removal would result in exceptional and extremely unusual hardship to her United States citizen daughter and lawful permanent resident father.

We have jurisdiction to review whether an alien has met the continuous physical presence requirement, *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 853 (9th Cir.2003), but we do not have jurisdiction to review whether an alien has satisfied the hardship requirement, which rests in the discretion of the agency. 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir.2003).

Because the BIA affirmed without opinion, we have no way of knowing on which ground or grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision. *See Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir.2004). Accordingly, we vacate the BIA's decision and remand with instructions to clarify the grounds for its affirmance of the IJ's denial of the application for cancellation of removal. *Id.* at 932.

Alaniz contends for the first time on appeal that she was deprived of counsel in violation of her statutory right to representation and her due process rights. Because Alaniz never raised this issue before the BIA, she has failed to exhaust her administrative remedies and we do not have jurisdiction to consider it here. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**VACATED and REMANDED.**

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.